O’MALLEY, Circuit Judge, with whom REYNA, Circuit Judge, joins,
dissenting in the denial of the petition for rehearing en banc.
I agree with Judge Moore that both The Dow Chemical Company (“Dow”) and NOVA Chemicals Corporation (“NOVA”) mischaracterize the panel’s decision in this matter. The panel did not and could not effect sweeping changes in the law of indefiniteness. I write separately, however, because I do not believe the panel should have discussed the law of indefiniteness at all; the panel simply did not have jurisdiction to render the judgment it did.
The panel could not reopen a validity determination that had been the subject of a final judgment that was affirmed on appeal, and as to which the Supreme Court declined review. Even if the Supreme Court’s decision in Nautilus, Inc. v. Biosig Instruments, Inc., — U.S. -, 134 S.Ct. 2120, 189 L.Ed.2d 37 (2014) can be viewed as a substantial change in the law of indefiniteness (a point the parties debate), and even if that change justified a different conclusion regarding the validity of the patent-at-issue here than reached by both the district court and a prior panel of this court (which I do not believe it did), there was no appeal before us that would justify this panel’s decision to reach those issues.
In Robert Bosch, LLC v. Pylon Mfg. Corp., 719 F.3d 1305 (Fed.Cir.2013) (en banc), we declared that different rules of finality apply to this court than to every other Article III court of appeals. Specifically, we concluded that because damages calculations — even those done in the context of a jury trial on damages — constitute no more than an “accounting” within the meaning of 28 U.S.C. § 1292(c)(2), an action can be final for purposes of appeal even where damages determinations remain outstanding. Id. at 1317 (finding that “an ‘accounting’ within the context of § 1292(c)(2) includes a trial on damages ... [and] that § 1292(c)(2) confers jurisdiction on this court to entertain appeals from patent infringement liability determinations when a trial on damages has not yet occurred”). Indeed, we went so far as to conclude that a determination of a patent’s invalidity, or of a valid patent’s infringement, can be final, and, thus, subject to an immediate appeal, even where a claim of willful infringement remained outstanding. Id. at 1319 (“[W]e hold that § 1292(c)(2) confers jurisdiction on this *1229 court to entertain appeals from patent infringement liability determinations when willfulness issues are outstanding and remain undecided.”). These appeals are not, according to us, interlocutory appeals; they are appeals from final judgments. Id. at 1308 (framing the relevant inquiry as whether or not determinations of damages and willfulness issues are “account-ings” that, under 28 U.S.C. § 1292(c)(2), constitute “exceptions to the final judgment rule”).
This decision authorized, nay encouraged, parties to engage in piecemeal appeals in patent cases and encouraged district judges to authorize the same. The district judge in this ease, at the invitation of Appellant NOVA, accepted that invitation. Because the only procedural vehicle that existed for entry of a final judgment on the liability determination in this case was Rule 54(b) of the Federal Rules of Civil Procedure, that is the vehicle the trial court necessarily employed. It is also the vehicle we endorsed when the first panel to hear an appeal in this case accepted the appeal and rendered judgment on it.
Having rewritten the rules of appellate finality in Bosch, the current panel now violates the Rules of Civil Procedure by ignoring the implications of the trial court’s Rule 54(b) final judgment in this case and our affirmance of it. The panel also ignores, moreover, the perhaps even more basic rule that an appellate court may not address issues not raised in the judgment on appeal. See Fed. R.App. P. 4(a)(1)(B) (“The notice of appeal may be filed by any party within 60 days after entry of the judgment or order appealed from.... ” (emphasis added)); accord Singleton v. Wulff, 428 U.S. 106, 120, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976) (“It is the general rule, of course, that a federal appellate court does not consider an issue not passed upon below.”).
DISCUSSION
Although the panel says that the judgment now on appeal came after a “remand” from this court, that is inaccurate. We did not remand anything in our earlier mandate; there was nothing to remand. The new appeal arises from a completely separate judgment than the original appeal.
Prior to the first appeal, a jury returned a verdict on validity, infringement, and damages, all in Dow’s favor. The trial court then conducted a hearing regarding whether the relief afforded Dow should include not just the damages awarded for past infringement, but a permanent injunction as well. The trial court declined to issue a permanent injunction on July 30, 2010 because, among other reasons, NOVA convinced it that a running royalty until the soon-to-occur expiration of the patent would be adequate to provide Dow the full scope of the relief to which it was entitled. Dow Chem. Co. v. Nova Chems. Corp., 1:05-cv-737, 726 F.Supp.2d 459 (D.Del. July 30, 2010), ECF No. 603. After that order, NOVA moved for entry of partial final judgment pursuant to Rule 54(b), stating that the only “remaining claims, [Dow’s] claim of willful infringement (D.I. 1, ¶ 18) and NOVA’s antitrust counterclaim (D.I. 40, Counts VII and VIII),” were sufficiently separate that they did not render improper the entry of final judgment on the issues of validity, infringement, and damages. Dow Chem. Co. v. Nova Chems. Corp., 1:05-cv-737 (D.Del. Aug. 17, 2010), ECF No. 612.
While we were not required to accept review of the trial court’s Rule 54(b) judgment on these issues — indeed, we arguably should not have done so even despite Bosch given the pending antitrust counterclaims — we did so. And we affirmed the lower court verdict and findings across the *1230 board. That put an end to the proceedings as to that final judgment.
While the trial court did proceed to calculate the measure of ongoing royalties to be awarded in lieu of an injunction once the first appeal was completed, that was not by virtue of a remand on that issue. The district court at all times retained jurisdiction on those issues that were not included in the Rule 54(b) final judgment, and our affirmance ended our consideration of all issues that were included in that final judgment. That is how the Rule operates. The trial court merely lifted its own stay on the accounting of post-verdict infringement damages — one imposed for the parties convenience — and on the other claims that actually did remain — willfulness and the antitrust counterclaim.
The record, thus, establishes that Dow was entitled to relief for NOVA’s continued infringement of its patent as of our affirmance of the Rule 54(b) final judgment. Wflien the trial court denied Dow’s request for a permanent injunction, it made clear that a remaining royalty for the life of the patent would be awarded, as it should have. See Finjan, Inc. v. Secure Computing Corp., 626 F.3d 1197, 1213 (Fed.Cir.2010) (“Accordingly, we have noted that a patentee is ‘not fully compensated’ if ‘the damages award did not include future lost sales.’ ” (quoting Carbo-rundum Co. v. Molten Metal Equip. Innovations, Inc., 72 F.3d 872, 882 (Fed.Cir.1995))); see also Whitserve, LLC v. Comput. Packages, Inc., 694 F.3d 10, 38 (Fed. Cir.2012) (“[W]e would normally direct an accounting of damages flowing from post-verdict and pre-judgment infringement. ...”); Fresenius USA, Inc. v. Baxter Int’l, Inc., 582 F.3d 1288, 1303 (Fed.Cir.2009) (holding that “the district court was within its discretion to impose a royalty on [post-verdict sales not considered by the jury] in order to fully compensate” the patentee); Ecolab, Inc. v. FMC Corp., 569 F.3d 1335, 1353 n. 5 (Fed.Cir.2009), modified in part by 366 Fed.Appx. 154, 155 (Fed.Cir.2009) (stating that an accounting should be ordered to adequately compensate the patentee). We have consistently treated these as ministerial calculations conducted by the court to reflect the full relief which appropriately should flow from a prior infringement and validity determination.
NOVA acknowledged both the ministerial nature of the calculation remaining before the district court and the final nature of the earlier liability determinations when, in its brief supporting its position on supplemental damages, it asserted that the only thing left for the district court to do on the damages question was to undertake an “accounting” regarding the dollar amount due to Dow. Dow Chem. Co. v. Nova Chems. Corp., 1:05-cv-737, 2013 WL 10924486 (D.Del. July 3, 2013), ECF No. 750, at 1. Indeed, NOVA acknowledged that this judgment was “final” as late as September of 2013 when it filed a separate suit against Dow seeking to set aside the judgment under Federal Rule of Civil Procedure 60(d)(1), a motion that only applies to final judgments. Nova Chems. Corp. (Canada) v. Dow Chem. Co., No. 1:13-cv-1601, 2013 WL 5705093 (D. Del Sep. 23, 2013), ECF No. 1, ¶ 7. Tellingly, NOVA never sought to reopen the question of indefiniteness before the district court and — importantly—the judgment rendered by the district court did not address it. Dow Chem. Co. v. Nova Chems. Corp., 1:05-cv-737 (D.Del. July 16, 2010), ECF No. 593 (NOVA arguing how to determine the ongoing royalty, not Dow’s entitlement to that ongoing royalty). The only judgment entered by the district court after its liability determinations were affirmed was one which contained a calculation of damages for the period between the initial infringement judgment and the expiration *1231 of the patent. And, that is the only judgment which was appealed to us; it is that judgment which delimits the scope of our jurisdiction.
It was not until that very narrow appeal from that very narrow judgment reached us — long after the patent had expired and the damages.period had closed — that the Supreme Court issued its decision in Nautilus. While the panel .reaches to apply that later-decided case to the earlier final judgment on validity here, Rule 54(b) prohibits it from doing so. The only thing we should have reviewed on appeal is the measure of royalty owed post-verdict and pre-expiration of the patent that is memorialized in the judgment from which this appeal was taken. See Dow Chem. Co. v. Nova Chems. Corp., 1:05-cv-737 (D.Del. Apr. 23, 2014), ECF No. 764. There should be no question regarding either the validity of Dow’s patent or Dow’s entitlement to damages for the short interim period between the judgment and the expiration of the patent; those had already been established and affirmed. Accord Bosch, 719 F.3d at 1309 (holding that a trial on damages is merely an “accounting”). Importantly, this is not a situation where new, unexpected acts of infringement occurred and the patentee sought new relief to address them. This is a situation where the relief before us in the second appeal was an aspect of the relief to which all parties understood the patentee was entitled as of the long-since affirmed, original verdict; the only question was how much that relief would be. That the parties and the court saw efficiencies from the use of a partial final judgment, and we endorsed that use, does not mean the later accounting opens up reconsideration of all underlying legal issues.[1]
To justify reaching the indefiniteness issue anew, the panel describes why it believes it is not limited by either the law of the case doctrine or concepts of issue preclusion. But that discussion is an unnecessary detour. First, the law of the case doctrine does not apply when there already has been a Rule 54(b) final judgment on an issue. The “law of the case [doctrine] does not involve preclusion after final judgment, but rather it regulates judicial affairs before final judgment.” Hughes Aircraft Co. v. United States, 86 F.3d 1566, 1581 (Fed.Cir.1996) (emphasis added) vacated on other grounds, 520 U.S. 1183, 117 S.Ct. 1466, 137 L.Ed.2d 680 (1997); see Wright & Miller § 4478, at 10; Pit. River Home & Agricultural Coop. Ass’n v. United States, 30 F.3d 1088, 1097 (9th Cir.1994) (“Law of the case is not synonymous with preclusion by final judgment.”). Accordingly, once there was a final judgment on indefiniteness — which we affirmed in the first appeal — the law of the case doctrine no longer applies to that issue.
And, for issue preclusion to apply, the issue must actually be raised in the judgment we are reviewing on appeal. Accord Wright & Miller § 4405 (“Ordinarily both issue preclusion and claim preclusion are enforced by awaiting a second action in which they are pleaded and proved by the party asserting them.”). In this case, the issue of indefiniteness was not pending before the district court in this claim for supplemental damages; indefiniteness had already been subject to a Rule 54(b) judgment that we affirmed on appeal. Compare Dow Chem. Co. v. Nova Chems. Corp., 1:05-cv-737 (D.Del. Aug. 26, 2010), ECF No. 615 (entering final judgment on “validity, infringement and damages”), with Dow Chem. Co. v. Nova Chems. *1232 Corp., 1:05-cv-737 (D.Del. Apr. 14, 2014), ECF No. 763 (“granting the request of [Dow] for supplemental damages but denying its requests for a finding of willful infringement and enhanced damages”). Because indefiniteness was not raised before the district court, and was not part of the judgment on appeal, issue preclusion is not a factor in this appeal.
To be sure, I disagreed with our conclusion in Bosch that piecemeal appeals are appropriate in patent cases. I also believe this court is, at times, too quick to accept certification of judgments under Rule 54(b) from district courts where aspects of the underlying action are unresolved. But my view of the law and best practices on these issues is not the governing one in this circuit. Having authorized appeals from seriatim final judgments and encouraged district courts to employ Rule 54(b) to effectuate those appeals, we should, at minimum, adhere to Rule 54(b) and its dictates.
For these reasons, while I agree with Judge Moore’s concurrence to the extent issues of indefiniteness are in play, I must dissent from the denial of en banc in this matter.

. It is odd that we would characterize a jury trial on the full range of infringement damages as a mere accounting, but treat the calculation the district court did here as a determination that justifies the reopening of all issues subject to an earlier final judgment.